HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL R. MYERS,

   Plaintiff,

 v.

KIRSTJEN NIELSEN, in her official capacity as SECRETARY OF DEPARTMENT OF HOMELAND SECURITY,

   Defendant.

Case No. C18-967-RAJ

ORDER

  This matter comes before the Court *sua sponte*. For the reasons that follow, the Court **DISMISSES** *pro se* Plaintiff Michael R. Myers' complaint with leave to amend. Dkt. # 9. The Court **DENIES** Plaintiff's Motion for Removal of Surveillance Equipment (Dkt. # 5), Motion Requiring the Removal of Surveillance Equipment (Dkt. # 6) and Motion for Release of Funds (Dkt. # 7), as moot.

  On June 25, 2018, Plaintiff filed this action against Defendant Kirstjen Nielsen, in her official capacity as Secretary of Department of Homeland Security. Dkt. ## 1, 9. Several days later, Plaintiff filed a Motion for Temporary Restraining Order. Dkt. # 4. On July 6, 2018, the Court denied Plaintiff's Motion for Temporary Restraining Order because Plaintiff did not establish a likelihood of success on the merits, irreparable harm in the absence of a TRO, that the balance of equities tips in his favor, or that an injunction

ORDER – 1

is in the public interest. Dkt. # 8. Plaintiff also submitted an application to proceed *in forma pauperis*. Dkt. # 1. The Honorable Brian A. Tsuchida granted the application. Dkt. # 3.

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Plaintiff alleges that in the Spring of 2006, Defendant began "subjecting the plaintiff to a bean and field of electro magnetic radiation (weapon)" and that this began

ORDER – 2

biological experimentation on the plaintiff as well as training for the Department of Homeland Security's "electronic security group." Dkt. # 9 at 6. Plaintiff also details further assaults he has been a victim of including, sleep deprivation, electrocution, perfume bombers, ladders, stairs, vehicles, and people in the park. *Id*. at 7. Plaintiff states that due to Defendant's actions he has no free will and expresses a belief that there is surveillance equipment installed in his vehicle. *Id*. Plaintiff contends that the Federal Government "blocked timely access to financial accounts, denied employment, corrupted existing contracts, corrupted court processes, assaulted and tortured the plaintiff." Dkt. ## 1, 9. Plaintiff further contends that he was "financially injured by these actions to the approximate amount of $3,156,880.00." *Id*.

Plaintiff's allegations are conclusory and his Motion provides no basis on which relief could be granted by this Court. Even construing all allegations in the light most favorable to the Plaintiff and giving due deference to Plaintiff's *pro se* status, his complaint fails to state a claim showing he is entitled to relief.

For the reasons stated above, the Court **DISMISSES** Plaintiff's Complaint (Dkt. #9) and **DENIES** Plaintiff's Motion for Removal of Surveillance Equipment (Dkt. # 5), Motion Requiring the Removal of Surveillance Equipment (Dkt. # 6) and Motion for Release of Funds (Dkt. # 7), as moot. The Court has received notice of the death of Plaintiff Michael R. Myers. The Court **STAYS** this action until November 30, 2018, or until such earlier time as Mr. Myers' executor informs the Court of his estate's interest in pursuing this action. If no response is filed by November 30, 2018, the Court will dismiss this action without prejudice for failure to prosecute.

DATED this 31st day of August, 2018.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3